UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

ANSEL M. MAYNARD, )
)
    Plaintiff, )
)
v. )
) Case No. CV414-275
UNITED STATES POSTAL )
SERVICE, OFFICE OF )
INSPECTOR GENERAL, )
)
    Defendant. )

## ORDER

Proceeding *pro se*, Ansel M. Maynard moves under 18 U.S.C. § 2704[1] to quash the U.S. Postal Service's subpoena of Cricket

---

[1] It was enacted as part of Title II of the Electronic Communications Privacy Act of 1986 (ECPA), Pub. L. 99-508. Three Titles make up the ECPA, and the second is the Stored Communications Act, 18 U.S.C. § 2701 *et seq.* (SCA). "The SCA sets forth the statutory privacy rights for customers and subscribers of electronic communications service providers." *Reynolds v. Com.*, 2014 WL 2187774 at * 6 (Va. App. May 27, 2014). Basically, it is "a statute that allows the government to obtain certain electronic communications without procuring a warrant." *United States v. Warshak*, 631 F.3d 266, 282 (6th Cir. 2010). It also "permits a governmental entity to compel a service provider to disclose the contents of electronic communications in certain circumstances." *Id.* (quotes, cite and brackets omitted). The statutory scheme

> requires subscriber notification as to all subpoenas (grand jury and administrative) that seek accessed communications, but then allows for a court ordered delay of notification. *See* 18 U.S.C.A. §§ 2703(b)(B)(i), 2705. [¶] The ECPA does not require prior notification when a subpoena is used to obtain basic subscriber information (e.g., local and long distance connection records,

Communications, the telecommunications provider holding his cell phone records. Doc. 1; *see also* doc. 2 at 2. He argues that the subpoena -- which "seeks all records pertaining to [his] cellular phone number and account," is vague, overbroad, and violates his Fourth Amendment rights. Doc. 2 at 2. He claims an "expectation of privacy in my phone records" and insists "[t]here is no nexus between the materials sought and the postal service." *Id.* And he "is not charged with any crime." *Id.*

Construing Maynard's filings liberally, *West v. Peoples*, 2014 WL 4852114 at * 6 (11th Cir. Oct. 1, 2014), the Court will assume that the Postal Service's Office of Inspector General (OIG) has provided him with a § 2704(a)(2) "subscriber notification" (*see supra* n. 1) of its intent to

---

records of computer sessions). *See* 18 U.S.C.A. § 2703(c)(2). The provision for delaying notification is tied to the mandatory notification provision, § 2703(b), leaving open the question of whether the government can obtain a similar order to preclude a service provider from voluntarily informing a customer of a subpoena to produce basic subscriber information.

WAYNE R. LAFAVE, 3 CRIM. PROC. § 8.5(d) n. 155 (3d ed. Dec. 2014); *see also In re Application of U.S. for an Order Pursuant to 18 U.S.C. 2705(b)*, 866 F. Supp. 2d 1172, 1173 (C.D. Cal. 2011) (explaining criteria where target can be given delayed notice), cited in FISHMAN AND MCKENNA, WIRETAPPING AND EAVESDROPPING § 7:58 (Nov. 2014); *Warshak*, 631 F.3d at 283 (citing government options for obtaining such data: warrant, court order or administrative subpoena). Procedural rights turn on whether the government resorts to a subpoena or a court order. *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. § 2703(d)*, 830 F. Supp. 2d 114, 127-08 (E.D. Va. 2011). Finally, "the SCA delineates when a third-party, such as an email service, may disclose the contents of its customers' electronic communications, such as emails, or other record information about those communications, such as the name of the person who owns the email account." *Kelley v. Federal Bureau of Investigation*, ___ F. Supp. 3d ___, 2014 WL 4523650 at * 8 (D.D.C. Sept. 15, 2014).

subpoena his stored electronic communications. Maynard, for that matter, expressly invokes this remedy:

> (b) Customer challenges.--(1) Within fourteen days after notice by the governmental entity to the subscriber or customer . . . such subscriber or customer may file a motion to quash such subpoena or vacate such court order, with copies *served* upon the governmental entity *and* with written notice of such challenge to the service provider. A motion to vacate a court order shall be filed in the court which issued such order. A motion to quash a subpoena shall be filed in the appropriate United States district court or State court. Such motion or application shall contain an affidavit or sworn statement--
>
> (A) stating that the applicant is a customer or subscriber to the service from which the contents of electronic communications maintained for him have been sought; and
>
> (B) stating the applicant's reasons for believing that the records sought are not relevant to a legitimate law enforcement inquiry or that there has not been substantial compliance with the provisions of this chapter in some other respect.
>
> (2) Service shall be made under this section upon a governmental entity by delivering or mailing by registered or certified mail a copy of the papers to the person, office, or department specified in the notice which the customer has received pursuant to this chapter. For the purposes of this section, the term "delivery" has the meaning given that term in the Federal Rules of Civil Procedure.

18 U.S.C. § 2704(b) (emphasis added).

Only after the plaintiff has complied with those requirements is this Court required to act:

3

> (3) If the court finds that the customer has complied with paragraphs (1) and (2) of this subsection, the court shall order the governmental entity to file a sworn response, which may be filed *in camera* if the governmental entity includes in its response the reasons which make in camera review appropriate. If the court is unable to determine the motion or application on the basis of the parties' initial allegations and response, the court may conduct such additional proceedings as it deems appropriate. All such proceedings shall be completed and the motion or application decided as soon as practicable after the filing of the governmental entity's response.

*Id.* This preliminary process evidently was satisfied in *Millsape v. U.S. Postal Service*, 2014 WL 2772597 at * 2 (N.D. Ohio, June 18, 2014) (Granting government's motion to dismiss similar case because "the Postal Service never served the subpoena on Verizon. Special Agent Austin shows that although he was planning to issue the administrative subpoena to obtain plaintiff's Verizon Wireles telephone records and provided notice thereof, he never actually served the subpoena on Verizon because he determined it was no longer necessary.").

Maynard, who has paid the Court's $400 filing fee, has complied with the motion and statement requirement.[2] Doc. 2. But he has failed to show service of his motion and statement upon the Postal Service *and*

---

[2] He declared his statement true under penalty of perjury, thus invoking 28 U.S.C. § 1746. While that is not an affidavit, doc. 2 at 1, the Court will accept it as a "sworn statement."

4

"written notice of such challenge to the service provider," Cricket. 18 U.S.C. § 2704(b)(2). He is free to promptly amend his motion to show this, and in any event must do so within the 120 days afforded by Fed. R. Civ. P. 4(m) or risk dismissal.

**SO ORDERED**, this 22nd day of December, 2014.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA